NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

SEP 15 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ASHWIN KHOBRAGADE,<br><br>              Plaintiff-Appellant,<br><br>   v.<br><br>COVIDIEN LP, a Delaware limited partnership,<br><br>              Defendant-Appellee. | No. 19-55498<br><br>D.C. No. 3:16-cv-00468-WQH-AGS<br><br>MEMORANDUM* |

Appeal from the United States District Court
for the Southern District of California
William Q. Hayes, District Judge, Presiding

Submitted September 8, 2020**

Before:     TASHIMA, SILVERMAN, and OWENS, Circuit Judges.

Ashwin Khobragade appeals pro se from the district court's summary judgment in his action alleging federal and state law claims arising out of defendant's termination of his employment. We have jurisdiction under 28 U.S.C. § 1291. We review de novo. *Living Designs, Inc. v. E.I. Dupont de Nemours &*

---

      *     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

      **     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

*Co.*, 431 F.3d 353, 360 (9th Cir. 2005). We affirm.

Because Khobragade failed to oppose defendant's motion for summary judgment, he has waived any challenge to the district court's summary judgment. *See Jenkins v. County of Riverside*, 398 F.3d 1093, 1095 n.4 (9th Cir. 2005) (plaintiff waived challenge to claims that were not raised in opposition to defendant's motion for summary judgment); *Novato Fire Prot. Dist. v. United States*, 181 F.3d 1135, 1141 n.6 (9th Cir. 1999) (failure to raise issue at summary judgment waives right to raise issue on appeal).

The district court did not abuse its discretion in denying Khobragade's motions for a further extension of time to file a summary judgment opposition, after previously granting him multiple extensions of time, because Khobragade failed to demonstrate good cause or excusable neglect. *See Ahanchian v. Xenon Pictures, Inc.*, 624 F.3d 1253, 1258-60 (9th Cir. 2010) (setting forth standard of review and discussing good cause or excusable neglect requirement for extensions of time).

The district court did not abuse its discretion in denying Khobragade's motions to reopen discovery, for sanctions, for reconstruction of electronic data, and for a protective order because Khobragade presented no basis for the requested discovery or sanctions. *See Laub v. U.S. Dep't of Interior*, 342 F.3d 1080, 1093 (9th Cir. 2003) (setting forth the standard of review and noting that a district court

has broad discretion in controlling discovery); *see also Ingenco Holdings, LLC v. Ace Am. Ins. Co.*, 921 F.3d 803, 821 (9th Cir. 2019) (explaining that a district court has wide latitude regarding discovery sanctions).

The district court did not abuse its discretion by denying Khobragade's post-judgment motion for reconsideration because Khobragade failed to demonstrate any basis for relief from the judgment. *See Sch. Dist. No. 1J, Multnomah Cty., Or. v. ACandS, Inc.*, 5 F.3d 1255, 1262-63 (9th Cir. 1993) (setting forth standard of review and grounds for relief under Federal Rules of Civil Procedure 59 and 60).

We do not consider arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

We reject as unsupported by the record Khobragade's contention that the district court did not address his last motion for an extension of time to file a summary judgment opposition.

Khobragade's motion for a ninth extension of time to file a reply brief (Docket Entry No. 37) is denied.

Khobragade's request for reconsideration of this court's August 29, 2019 order denying his motion for sanctions, set forth in the opening brief, is denied.

**AFFIRMED.**